O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JANICE M. COMEAUX,                          )  Case No. ED CV 04-1141 AN
                                            )
          Plaintiff,                        )  MEMORANDUM AND ORDER
                                            )
     v.                                     )
                                            )
JO ANNE B. BARNHART,                        )
COMMISSIONER OF THE SOCIAL                  )
SECURITY ADMINISTRATION,                    )
                                            )
          Defendant.                        )
_____ )

## I. INTRODUCTION

Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claims for disability insurance benefits ("DIB") pursuant to Title XVI of the Social Security Act ("Act"). Both parties have consented to proceed before the undersigned Magistrate Judge. Pursuant to the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding the issues concerning remand and/or immediate payment of benefits ("JS").

The relevant background facts are familiar to both parties and Plaintiff has stipulated that the decision of the Administrative Law Judge ("ALJ") fairly and accurately summarizes the hearing testimony and medical evidence in the record except as noted in her contentions.

Page 1

In the JS, Plaintiff contends the ALJ erred by: (1) failing to give proper consideration to the opinion of examining psychologist Roland Chabot, Ph.D., and (2) failing to pose a complete hypothetical question to the vocational expert.   The Commissioner disagrees.

After reviewing the parties' respective contentions and the record as a whole, the Court finds Plaintiff's contentions lack merit and are rejected for the reasons expressed by the Commissioner in her portions of the JS and the following reasons.

Dr. Chabot evaluated Plaintiff in January 2004 in connection with a workers' compensation claim.   [Administrative Record ("AR") at 14, 241-63.]   Dr. Chabot diagnosed Plaintiff with major depressive disorder, single episode, moderate, and assessed her with a Global Assessment of Functioning score of 55.[1/]   [AR at 258-59.] Dr. Chabot found that Plaintiff had "trouble concentrating on any given task at hand" and that her functioning was "impaired due to constant tension, anxiety and depression." [AR at 261.] Dr. Chabot considered Plaintiff to be temporarily totally psychologically disabled and recommended that she participate in psychotherapeutic treatment for three months. [AR at 260-62.] The ALJ discussed some of Dr. Chabot's findings but did not directly address the weight given to Dr. Chabot's opinion of temporary disability or findings regarding Plaintiff's difficulty with concentration.   [AR at 14-15.]   Nevertheless, Dr. Chabot's opinion, which was couched in California workers' compensation terminology, was not conclusive as to Plaintiff's disability. *See Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996)(finding that workers' compensation disability ratings are not controlling in disability cases decided under the Act, and terms of art used in workers' compensation guidelines are not equivalent to Social Security disability terminology); *see also Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)(a treating physician's opinion

---

[1/]   A GAF score of 51 to 60 indicates "[m]oderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers)." Diagnostic and Statistical Manual of Mental Disorders (DSM-IV) 32 (4th ed. 1994).

on the ultimate issue of disability is not necessarily conclusive).   The ALJ's assessment of Plaintiff's mental residual functional capacity was also supported by the opinion of the consultative examiner, Reynaldo Abejuela, M.D., who concluded that Plaintiff's occupational and social functioning were not severely impaired.  [AR at 144.]  Because Dr. Abejuela's opinion was based on independent, clinical findings, the ALJ's rejection of Dr. Chabot's opinion was supported by substantial evidence.  *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1989).  In addition, the testimony of the non-examining medical consultant, Dr. Malancharuvil, provided further support for the ALJ's evaluation of Plaintiff's mental impairment.  [AR at 15]; *see Morgan v. Apfel*, 169 F.3d 595, 602 (9th Cir. 1999)(explaining that the rejection of the opinion of an examining or treating physician may be based in part on the testimony of a nontreating, non-examining medical advisor, when consistent with other independent evidence in the record).   Dr. Malancharuvil noted that while Plaintiff began receiving mental health treatment in 2004 due to a deterioration in her mental condition, Plaintiff's condition had not persisted in that state for a consecutive twelve month period and that mental health patients generally respond positively to psychotherapy.  [AR at 15, 260, 328]; 20 C.F.R. § 404.1505 (a person is "disabled" for the purpose of receiving benefits under the Act if he is unable to engage in any substantial gainful activity due to an impairment which has lasted or is expected to last for a continuous period of at least twelve months).

Plaintiff's argument that the ALJ's hypothetical questions to the vocational expert were deficient because they did not incorporate concentration and functional limitations assessed by Dr. Chabot also lacks merit.  As stated above, the ALJ properly chose to disregard Dr. Chabot's findings.  Therefore, the ALJ's decision to omit restrictions identified by Dr. Chabot is supported by substantial evidence.  *See, e.g., Magallanes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989)(hypothetical questions posed to a vocational expert need not include all alleged limitations, but rather only those limitations the ALJ finds to exist); *Martinez v. Heckler*, 807 F.2d 771, 773-74 (9th Cir. 1986)(explaining that the ALJ is "free to accept or reject these restrictions . . . as long as

1    they are supported by substantial evidence").

2

3                            **III.  CONCLUSION**

4           Accordingly, the Court finds the ALJ's determination of non-disability is free of

5    legal error and supported by substantial evidence in the record. Therefore, Plaintiff's

6    request for an order directing the payment of benefits or remanding this case for further

7    proceedings is DENIED, and the Commissioner's request for an order affirming the

8    Commissioner's final decision and dismissing the action is GRANTED.  The clerk shall

9    enter judgment, close the file and terminate all pending motions.

10

11   DATED:       December 28, 2005        /s/ Arthur Nakazato _____
                                           ARTHUR NAKAZATO
12                                         UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28